**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERRANCE ROSS, : | |
| : | Civil Action No. 11-2620 (FSH) |
|        Plaintiff, : | |
| : | |
|        v. : | **O P I N I O N** |
| : | |
| UMDNJ, et al., : | |
| : | |
|        Defendants. : | |

**APPEARANCES:**

TERRANCE ROSS, Pro Se
598623
Bayside State Prison
4293 Route 47, P.O. Box F1
Leesburg, NJ 08327

**HOCHBERG**, District Judge

    Plaintiff, Terrance Ross, currently confined at the Bayside State Prison, Leesburg, New Jersey, has submitted this civil complaint which alleges violations of his constitutional rights and seeks damages, pursuant to 42 U.S.C. § 1983.  Plaintiff also applied to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

    At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e) and

1915A.  For the following reasons, the complaint will be
dismissed, without prejudice.

<u>BACKGROUND</u>

Plaintiff seeks to sue various medical staff at the Northern
State Prison concerning his medical care while housed there.
Plaintiff asserts that on March 18, 2010, he developed a boil
under his armpit.  On April 9, 2010, he was able to receive
treatment from the doctor for the boil, and was prescribed an
antibiotic.  Five days later, the boil returned, and four days
after that, the boil burst.  Plaintiff told the Sergeant, who
told Plaintiff to sign up for sick call.  The next day, Plaintiff
showed the nurse the boil.  The nurse deemed Plaintiff's
condition a medical emergency, and Plaintiff was taken to
medical, and prescribed an extra week of antibiotics.  (Complt.,
¶ 6).

Plaintiff asks for monetary relief due to a violation of his
Eighth Amendment right to receive adequate medical care.
(Complt., ¶ 7).

<u>DISCUSSION</u>

**A.   <u>Standard of Review</u>**

The Prison Litigation Reform Act ("PLRA"), <u>Pub. L. No.</u>
<u>104-134</u>, §§ 801-810, 110 <u>Stat.</u> 1321-66 to 1321-77 (April 26,
1996), requires a district court to review a complaint in a civil
action in which a prisoner is proceeding <u>in</u> <u>forma</u> <u>pauperis</u> or

seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915A, because plaintiff is a prisoner.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief."  Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).  The Court

further explained that:

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must

now allege "sufficient factual matter" to show that the claim is

facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged.  See id. at 1948.  The Supreme Court's ruling

in Iqbal emphasizes that a plaintiff must demonstrate that the

4

allegations of his complaint is plausible.  See id. at 1949-50;

see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC

Shadyside, 578 F.3d 203 (3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides

the "final nail-in-the-coffin" for the "no set of facts" standard

set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that

applied to federal complaints before Twombly.  See Fowler, 2009

WL 2501662 at *5.  Now, after Iqbal, the Third Circuit requires

that a district court must conduct the two-part analysis set

forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  See Phillips,
> 515 F.3d at 234-35.  As the Supreme Court instructed in
> Iqbal, "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'"  Iqbal, [129 S. Ct. at
> 1949-50].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense." Id.

---

[2] In Conley, as stated above, a district court was permitted
to summarily dismiss a complaint for failure to state a claim only
if "it appear[ed] beyond doubt that the plaintiff can prove no set
of facts in support of his claim which would entitle him to
relief." Conley, 355 U.S. at 45-46.  Under this "no set of facts"
standard, a complaint could effectively survive a motion to
dismiss so long as it contained a bare recitation of the claim's
legal elements.

Fowler, 578 F.3d at 210-11.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v.

6

Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.   **Medical Care Claim**

In this case, Plaintiff alleges that he has not received proper medical care, in violation of his constitutional rights.

The Eighth Amendment proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third Circuit has defined a serious medical need as:

(1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd , 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state

Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110
(3d Cir. 1990).  "Courts will disavow any attempt to second-guess
the propriety or adequacy of a particular course of treatment ...
[which] remains a question of sound professional judgment."
Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d
Cir. 1979) (internal quotation and citation omitted).  Even if a
doctor's judgment concerning the proper course of a prisoner's
treatment ultimately is shown to be mistaken, at most what would
be proved is medical malpractice and not an Eighth Amendment
violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.3d at
110.

       The Court of Appeals for the Third Circuit has found
deliberate indifference where a prison official: (1) knows of a
prisoner's need for medical treatment but intentionally refuses
to provide it; (2) delays necessary medical treatment for non-
medical reasons; or (3) prevents a prisoner from receiving needed
or recommended treatment.  See Rouse, 182 F.3d at 197.

       In this case, assuming that Plaintiff's medical need was
"serious," Plaintiff has not alleged facts indicating deliberate
indifference on the part of the defendants.  Plaintiff's
complaint is replete with instances of the medical care provided
to him during the one-month period at issue.  He was seen by
doctors and nurses and was treated at least twice with
antibiotics.  While Plaintiff may not have been comfortable
during the experience, may have felt he could have received

9

better care, may think that the doctors and nurses were not providing him with exceptional treatment, or even that they made errors in judgment concerning his treatment, Plaintiff has not asserted any facts that rise to the level of deliberate indifference.  At most, Plaintiff may have pleaded a case of medical malpractice, that does not warrant relief under § 1983.

As stated above, the Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  In this case, Plaintiff was not intentionally refused medical treatment; Plaintiff's medical treatment was not delayed; and Plaintiff was not prevented from receiving needed or recommended treatment.

Therefore, the complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and submitting an amended complaint, in accordance with the attached order, that addresses the deficiencies as outlined above.  In his amended complaint, Plaintiff must allege facts indicating deliberate indifference by each defendant, not just

use the term "deliberately indifferent" as a legal conclusion, as he does in this complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order accompanies this opinion.


                              s/ Faith S. Hochberg
                              FAITH S. HOCHBERG
                              United States District Judge
Dated: June 27, 2011

11